## Mutual Reserve Fund Life Association v. Chester H. Bolles, et al.

1. LIS PENDENS—*when doctrine of, applies.* The doctrine of *lis pendens* applies, and an insurance assessment company entering into a contract of reinsurance is charged with notice of the rights of a member of the company whose contracts are being assumed, where at the time such member is proceeding in chancery for a decree of reinstatement to good standing, and in the event of a successful termination of such proceeding, the reinsuring company is estopped to deny that at the time of entering into said contract, such member was not in good standing.

2. REINSURANCE—*when contract of, authorized.* An insurance company doing business in this State has the right to reinsure a part of its business and of transferring a portion of its membership to another company.

Action of assumpsit. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1903. Reversed. Opinion filed April 20, 1905.

KERRICK & BRACKEN, for appellant; GEORGE BURNHAM, JR., of counsel.

A. G. MURRAY, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Hiram O. Bolles died August 8, 1901, and this suit in assumpsit was instituted by appellees against appellant, to recover the amount of a benefit certificate for a sum not exceeding $5,000, upon the life of said Bolles, issued by the Covenant Mutual Benefit Association, payable to appellees

as beneficiaries. A jury being waived, the cause was tried by the court, resulting in a finding and judgment against appellant for $2,216.25.

The stipulation in the case, together with oral and documentary evidence introduced and considered upon the hearing, disclose the following state of facts: On February 5, 1884, the Covenant Mutual Benefit Association issued to Hiram O. Bolles, a certificate of membership for an amount not exceeding $5,000, payable at his death to the beneficiaries therein named. The insured paid all assessments levied against him under the terms of said certificate up to March 1, 1898, when a certain assessment known as No. 149, greatly in excess of the amount authorized, was levied, payable March 31, 1898. This assessment the insured, Bolles, refused to pay, whereupon the said Association dropped him from its roll of membership and thereafter treated said certificate as lapsed and forfeited. Thereafter, on November 4, 1898, Wilson M. Duggans, with Hiram O. Bolles and others similarly situated, filed their bill in equity for relief, resulting in the entry of a decree April 9, 1900, declaring the said assessment No. 149 null and void and restoring complainants to all their rights of membership in the Association upon the payment by them respectively on or before May 1, 1900, of the amounts found to be due.

December 29, 1899, the Covenant Mutual Benefit Association—whose corporate name had been changed to Covenant Mutual Life Association—entered into a transfer or reinsurance contract with the Northwestern Life Assurance Company, a corporation organized under the laws of Illinois, whereby the Covenant Mutual Life Association tendered to the Northwestern Life Assurance Company as members of said Company, each and all of its living members in good standing, except such as should file a written notice of his or her preference to be transferred to some other corporation, in accordance with the provisions of section 16 of an act to incorporate companies to do the business of life or accident insurance upon the assessment plan, etc., approved June 22, 1893, in force July 1, 1893,

and the Northwestern Life Assurance Company accepted the members so tendered upon condition that said members accede to and be bound by the provisions of the certificates of membership and the by-laws of said contracting corporations then in force or thereafter to be enacted.

On April 26, 1900, one Steward Goodrell, named as trustee for certain purposes in said contract, sent to Bolles, a notice to pay to him (Goodrell) as such trustee the sum of $205.40, being the amount found by the decree of April 9, 1900, to be due from Bolles to the Covenant Mutual Life Association for assessments in arrears; and further notifying Bolles, that upon payment of said amount he (Bolles) would be restored to membership in said Association and that all assessments subsequently levied against Bolles, would be levied by and payable to the Northwestern Life Assurance Company. In pursuance to such notice and the terms of the decree therein referred to, Bolles, on April 30, 1900, remitted to Goodrell, trustee, the sum of $205.40.

On August 21, 1900, the Northwestern Life Assurance Company entered into a transfer or reinsurance contract with appellant, a corporation of the State of New York, conducting a life insurance business upon the assessment plan and authorized to do business in the State of Illinois, whereby the Northwestern Life Assurance Company tendered to appellant, each and all of its living members, who, by its books and records, were in good standing, except such as should file written notice of a preference to be transferred to some other corporation, in accordance with the provisions of section 16 of an act to incorporate companies to do the business of insurance upon the assessment plan, etc., approved June 22, 1893, in force July 1, 1893, and appellant accepted the members so tendered, and expressly disclaimed the assumption of any policy or certificate, or any liability on account of any, which did not appear to be in good standing by the books and records of said Northwestern Life Assurance Company. By the terms of the contract, all the members thereby transferred became bound by the provisions of the certificates or policies of

appellant corporation, and by its by-laws then in force or thereafter to be adopted.

On September 1, 1900, at a meeting held for that purpose, this contract of transfer was duly ratified by the members of the Northwestern Life Assurance Company, pursuant to, and in the manner provided by said section 16 of the act before mentioned, but Bolles was neither given nor received any notice of such meeting.

Bolles was not in good standing upon the books and records of the Northwestern Life Assurance Company, neither his name, nor his certificate of membership appearing thereon. No call for the payment of any premium or assessment was ever made by appellant upon Bolles, or on account of the certificates held by him, and said Bolles never paid or tendered to appellant any dues, premiums or assessments upon the certificate of membership sued upon in this case.

The judgment of the trial court was predicated, as appears from the propositions of law held upon the hearing, upon findings, as follows: That the payment by Bolles to Steward Goodrell, trustee of the Covenant Mutual Life Association, of the amount found to be due from him by the decree of April 9, 1900, on account of accrued and unpaid assessments, reinstated him to membership in that Association; that the contract of transfer between the Covenant Mutual Life Association and the Northwestern Life Assurance Company, having been negotiated and executed during the pendency of the suit by Bolles to establish his right to membership in the Covenant Mutual Life Association, he must be held to have become a member in good standing in the Northwestern Life Assurance Company by virtue of such contract of transfer, under the doctrine of *lis pendens;* that appellant as the transferee corporation in the contract of transfer with the Northwestern Life Assurance Company, consummated September 1, 1900, was at that time bound to take notice of the record of the decree of April 9, 1900, and was in law presumed to have knowledge of its contents, as well as of the bill in chancery, in pursuance to

the hearing upon which said decree was entered; that the contract of transfer of September 1, 1900, was effected and consummated under the provisions of section 16 of the act before mentioned, approved June 22, 1893, in force July 1, 1893 (Hurd's Stat. 1903, par. 245, p. 1109), and that the intent and meaning of said section is, that such transfer shall include each and all of the members, certificate or policy-holders of the transferring corporation, who are in good standing in such corporation, or who held valid certificates or policies therein at the time of the transfer, except such as shall within 10 days file written notice of their preference to be transferred to some other corporation; that upon the approval of such contract of transfer by a two-thirds vote of a meeting of the insured, called to consider the same, each and all the members, certificates or policy-holders then in good standing in the transferring corporation, or who then hold valid certificates or policies in such corporation, without further act, become members, certificate or policy-holders, as the case may be, of and in the transferee corporation, and entitled to all the rights and benefits provided in such transfer contract, unless they have at their own request been transferred to some other corporation, as provided in said statute; that the provision of the contract of transfer between the Northwestern Life Assurance Company and appellant, whereby it is attempted to exclude said Bolles from the rights and benefits of said contract of transfer because his name did not appear as a member in good standing upon the books and records of said company, was void as to said Bolles and the beneficiaries named in his certificate; that upon the consummation of the transfer contract of September 1, 1900, the provisions of the certificates and by-laws of appellant corporation, became and were binding upon all the members and certificate holders thereby transferred, and that in pursuance thereto, the certificate sued upon was liable to have set off against it, certain reserve lien charges with interest, together with the annual premium for the current year, with interest, and also certain excess mortality charges, such

items of set-off amounting in the aggregate to $2,938.39. Cross-errors are assigned by appellees upon the action of the court in allowing the foregoing items of set-off.

Section 16 of the act in question and in pursuance of which the contracts of transfer involved in this case were consummated, is as follows:

" When and how such corporation may transfer its risks: No such corporation under the laws of this State, shall transfer its risks to, or reinsure them in any other corporation, unless the contract of transfer or reinsurance is first submitted to and approved by a two-thirds vote of a meeting of the insured, called to consider the same, of which meeting a written or printed notice shall be mailed to each member, certificate or policy-holder, at least thirty days before the day fixed for such meeting. If such transfer or reinsurance shall be approved, every member, certificate or policy-holder of the corporation who shall file with the secretary thereof, within ten days after the meeting, a written notice of his preference to be transferred to some other corporation than that named in the contract, shall be accorded all the rights and privileges, if any, in aid of such transfer, as would have been accorded under the terms of such contract, had he been transferred to the corporation named therein."

" No such corporation organized under the laws of this State, shall transfer its risks or assets, or any part thereof, to, or reinsure its risks, or any part thereof, in any insurance corporation of any other State or country which is not at the time of such transfer or reinsurance authorized to do business in this State, under the laws thereof."

While numerous questions are raised by this appeal, both upon the errors assigned by appellant and upon the cross-errors assigned by appellees, we shall here confine our consideration to the determination of such questions only, as appear to us decisive of the case.

In the view we are disposed to take of the case, it may be conceded that the Bolles certificate of membership in the Covenant Mutual Life Association was transferred to the Northwestern Life Assurance Company by the contract of December 29, 1899, and that Bolles thereby became a member of the latter corporation in good standing. The bill in chancery in which Bolles was a party complainant,

praying to be relieved from the payment of assessment No. 149 levied by the Covenant Mutual Life Association, and for reinstatement to membership therein, upon the final hearing of which, a decree granting the relief prayed was subsequently rendered, was then pending.    The subject-matter of the transfer contract, viz., the status of Bolles and others similarly situated, as in good standing or otherwise in the Covenant Mutual Life Association, being directly involved in that chancery proceeding, the doctrine of *lis pendens* is clearly applicable, and the Northwestern Life Assurance Company must be held to be estopped from denying that Bolles was a member in good standing of the Covenant Mutual Life Association, and that by virtue of the transfer contract entered into during the pendency of such chancery proceeding, he became a member of the said Northwestern Life Assurance Company.    This conclusion is not seriously controverted by appellant.    Bolles, being a member in good standing in the Northwestern Life Assurance Company at the time of the execution of the transfer contract between that company and appellant corporation, although he did not appear upon the books and records of said Northwestern Life Assurance Company, as such member in good standing, was he transferred to appellant corporation by the transfer contract entered into in pursuance of the provisions of the section of the statute above quoted?

It is insisted by appellant that the statute empowers the transferring corporation, with the approval of a two-thirds vote at a meeting of its members, to determine the terms of the transfer contract, both as to the members transferred, whether in whole or in part, and also as to the conditions upon which such transfer shall be effected; that no limitation or qualification is to be found in the language of the statute, upon the power to make the contract in question, whereby a part only of the members of the transferring corporation shall be transferred to the transferee corporation; that the statute expressly recognizes the right of the transferring corporation to transfer a part only of its members to the exclusion of another part; that by the terms of

the contract here involved, Bolles, not being a member in good standing upon the books and records of the transferring corporation, was not transferred to appellant corporation, and that appellees, as the beneficiaries named in his certificate of membership, have no right of action thereon against appellant.

The section of the statute in question was evidently enacted to enable an insurance corporation doing business upon the assessment plan to effect by contract with another corporation, a transfer of its membership to such other corporation, without the necessity of procuring the approval of all the members of the transferring corporation affected thereby to the terms and conditions of such transfer contract. To this end, the section provided that notice of a meeting called to consider the contract of transfer should be mailed to each member, certificate or policy-holder thirty days before the day fixed for such meeting, and that no such contract of transfer should be operative unless submitted to and approved by a two-thirds vote of a meeting of the insured, so-called. We have no doubt but that a contract of transfer so approved, becomes automatically operative to transfer all members within the provisions of such contract, to the transferee corporation, except such as shall express a preference to be transferred to some other corporation; that no affirmative act is necessary to be performed by any member included within the terms of the contract, to effect his transfer.

Aside from designating the method by which a contract of transfer shall be adopted and become operative, the only limitation upon the right to contract, is, that the member shall not be transferred by any such contract to any corporation not authorized to do business in this State, under the laws thereof. It was evidently contemplated by the legislature that a transfer contract approved by a two-thirds vote at a meeting of the members called to consider the same, would be a desirable contract for the members concerned, and there is nothing in the language of the section, which, either by express terms or necessary impli-

cation, restricts the contracting corporations either as to the terms of the contract or the membership to be effected by it. The concluding paragraph of the section, by use of the language, " No such corporation shall transfer its risks or assets, or *any part thereof*, to, or reinsure its risks, or *any part thereof*, in any insurance corporation of any other State or country, which is not at the time of such transfer or reinsurance authorized to do business in this State under the laws thereof," seems expressly to contemplate the making of a contract whereby only a part of the membership or a part of the assets, may be transferred.

Unless the section must be construed to inhibit the contracting corporations from consummating a contract for the transfer of a portion, only, of the members of the transferring corporation, and as requiring the appellant corporation to take all the members in good standing in the transferring corporation or none, appellant corporation cannot be held liable upon the membership certificate or policy of insurance sued on in this case.

That the exclusion of Bolles, by the contract in question, from the benefits of the transfer to appellant corporation, was an act of bad faith upon the part of the Northwestern Life Assurance Company, does not authorize the court to make another and different contract between the parties, than the contract actually made by them, and to hold the appellant corporation liable to pay the amount of the benefit certificate not transferred to it by the terms of the contract.

We hold, therefore, that the transfer contract in question, must in this proceeding be given the force and effect of its express terms and that it did not operate to transfer Bolles to appellant corporation. The views herein expressed are supported by the opinion of the Supreme Court of Iowa, in Parvin v. Mutual Reserve Life Ins. Co., 100 N. W. Rep. 39, construing the same section of the statute with reference to a similar contract of transfer.

The judgment of the Circuit Court is reversed.

*Reversed.*